In re Lloyd and Cheryl WHITCOMB,
Debtors.

In re Stanley and Lori
Forrest, Debtors.

Nos. 5:03–bk–78199, 5:04–bk–70028.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

June 7, 2004.

David G. Nixon, Nixon Law Firm, Fayetteville, AR, for Debtors.

**OPINION**

RICHARD TAYLOR, Bankruptcy Judge.

Pending before the Court are two Motions for Strict Compliance filed by Arkansas Department of Finance and Administration [ADF & A] and the respective Objections to the Motions for Strict Compliance filed by the debtors, Lloyd and Cheryl Whitcomb and Stanley and Lori Forrest. Hearings on ADF & A's motions were held on April 6, 2004, at which time the parties read their stipulations into the record. The Court

has issued a joint opinion in these cases because the legal conclusions are identical. For the reasons stated below, ADF & A's motions are denied.

## JURISDICTION

This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. These are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND AND STIPULATIONS

The background and stipulations for each case are as follows:

### Whitcomb

Mr. Whitcomb has been a self-employed piano tuner since 1994. He has no employees, sells no products, and does not collect any trust fund tax. Ms. Whitcomb currently works part-time at a convenience store, but was once the sole proprietor of a part-time housekeeping/laundry service. She had no employees and sold no products.

On December 11, 2003, the debtors filed a voluntary chapter 13 petition and proposed to pay creditors through a 60 month plan. In the petition, the debtors listed themselves as the sole proprietors of separate businesses. Both debtors listed business income and expenses on attachments to Schedule J, and both deducted their business expenses in arriving at their disposable income figure shown on Schedule J. Neither party filed operating reports during the period prior to this motion.

The parties have stipulated to the following facts:

1. The Petition was filed herein December 11, 2003.

2. Lloyd Whitcomb is a full-time, self-employed piano tuner, who collects no trust fund taxes, sells no products, and

has no employees. He is the 100% owner of his business, which he has been operating since January of 1994.

3. Cheryl Whitcomb is employed part-time by Short–Stop Corner. The petition does not state how long she has been so employed. She also operated a part-time housekeeping/laundry service of which she owned 100%. She sold no products in the course of her business, had no employees. Although required to collect, report and remit sales taxes, she did not, She ceased operating this business at a time subsequent filing the petition.

4. At all times since filing of the Petition, Mr. Whitcomb has been engaged in his self-employment.

6. [sic] Since the filing of the Petition, the Debtors have never filed a monthly operating report, detailing their business operations, with the Clerk of the Court, the Trustee or any creditor.

7. In Schedule J to the Petition, the Debtors deduct regular expenses from the operations of their businesses in arriving at their disposable income. In Attachments to Schedule J, they each itemize their business income and expenses.

8. The Debtors have neither requested, nor has the Court entered an order authorizing them to operate any business.

9. The Debtors were required to file Arkansas Individual Income Taxes for the years of 1995, 1996, 1997, 1998, 1999, 2000, 2001, and 2002. Each return was due on the 15th of May of the year following the tax year.

10. On August 18, 2003, the Debtors filed their 1995, 1996, 1997, 1999, 2000, and 2001 state individual income tax returns. On November 19, 2003, they filed their 2002 return. The ADF & A has filed a claim for those taxes in the

amount of $9,354.33, of which $7,617.51 is entitled to priority treatment.

11. They filed their 1998 return on April 6, 2004.

12. The Debtors deny that they are "debtors engaged in business" within the meaning of § 1304(a) of the Code, or that they are required to file operating reports. They incur no trade credit.

13.[1] Only "debtors engaged in business" are authorized by the Code to operate a business without prior approval by the Court.

14.[2] Only "debtors engaged in business" may deduct business expenses in determining disposable income for the purpose of the confirmation test in § 1325(b) of the Code.

**Forrest**

Mr. Forrest is a self-employed private contractor/medical equipment sales person. He is the 100% owner of his business and identifies himself as an independent sales contractor for Mediquest, Inc. He has no employees and does not state who actually bills the purchasers. Ms. Forrest is a wage earner but the debtors' plan is funded primarily through the income of Mr. Forrest.

On January 5, 2004, the debtors filed a voluntary chapter 13 petition and proposed to pay creditors through a 60–month plan. In schedule J of their petition, Mr. Forrest deducts regular business expenses from the operation of his business in arriving at their disposable income figure shown on schedule J.

The parties have stipulated to the following facts:

1. The Petition was filed herein January 5, 2004.

2. In the Petition, Stanley Forrest list his employment as a "self-employed private contractor-medical equipment sales." He is the 100% owner of his business. He also identifies himself as an "independent sales contractor for Mediquest, Inc.," he gets a commission on sales generated, and he thinks that Mediquest, Inc. is responsible for the collection of any sales taxes. He does not state who actually bills the purchasers. He has no employees. The Petition does not state how long he has done this.

3. At all times since the filing of the Petition, Stanley Forrest has been engaged in his self-employment.

4. Since the filing of the Petition, he has never filed a monthly operating report, detailing their business operations, with the Clerk of the Court, the Trustee or any creditor.

5. In Schedule J to the Petition, he deducts from his regular business expenses from the operations of his business in arriving at a disposable income figure. In attachments to Schedule J, he itemizes business income and expenses. This includes a monthly payment of state and federal self-employment taxes in the amount of $1,975.00.

6. Mr. Forrest has neither requested, nor has the Court entered an order authorizing him to operate any business.

7. The ADF & A has filed an amended Proof of Claim herein in the amount of $48,314.62 in delinquent

---

1. To the extent that stipulation 13 is a legal conclusion, the Court does not accept the stipulation.

2. To the extent that stipulation 14 is a legal conclusion, the Court does not accept the stipulation.

state sales and withholding taxes due from The Forrest Company, Inc., which was collected but not remitted by the Debtors in their capacity as officers of that company.

8. The Debtors deny that they are "debtors engaged in business" within the meaning of § 1304(a) of the Code, or that they are required to file monthly operating reports. They do not incur trade credit.

9.[3] Only "debtors engaged in business" are authorized by the Code to operate a business without prior approval by the Court.

10.[4] Only "debtors engaged in business" may deduct business expenses in determining disposable income for the purposes of the confirmation test in § 1325(b) of the Code.

## POSITIONS OF THE PARTIES

Because the debtors are self-employed, ADF & A believes the debtors need to file monthly operating reports with the Court under 11 U.S.C. § 1304(c). Section 1304(c) states that a debtor engaged in business shall perform the duties of the trustee specified in § 704(8) of the code, which includes the filing of monthly operating reports. ADF & A also argues that the Court should define a "business debtor" as that term is used in Local Bankruptcy Rule 1020–1 as all individuals who work for themselves and receive income

from their own business, labor, or services; and require all business debtors to file the same monthly reports that debtors engaged in business have to file.

The debtors argue that they are not "debtors engaged in business" as defined under § 1304(a) of the code. Under that section, a debtor engaged in business must be self-employed and incur trade credit. Because the debtors do not incur trade credit, they argue they are not "debtors engaged in business." Accordingly, the debtors do not believe they are required to file the monthly operating reports required under § 1304(c).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

■ The bankruptcy code provides that a debtor who is self-employed and incurs trade credit in the production of income from such employment is a debtor engaged in business. 11 U.S.C. § 1304(a).[5] According to the stipulations, the debtors are self-employed but do not incur trade credit. In the code, these phrases appear in the conjunctive; the code requires that both conditions—self-employed *and* incur trade credit—be met before the dictates of § 1304(c) are implicated. Although many debtors may be self-employed, the code does not require them to file operating reports under § 1304(c) unless they also incur trade credit. Any other reading is contrary to the plain language of the statute. *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103

---

3. To the extent that stipulation 9 is a legal conclusion, the Court does not accept the stipulation.

4. To the extent that stipulation 10 is a legal conclusion, the Court does not accept the stipulation.

5. Although trade credit is not defined under the code, one edition of Blacks Law Dictionary defines it as credit that firms extend to other firms in the ordinary course of business through the creation of receivables or payables. Blacks Law Dictionary 1038 (abr. 6th ed.1991). Trade credit involves the exchange of goods and services for other goods and services without the payment of money. This includes the extension of credit by the debtor to his clients or the extension of a creditor's supplies to the debtor. *Rice v. Bol,* 116 S.W.3d 599, 605 (Mo.Ct.App.2003).

L.Ed.2d 290 (1989)(a plain reading of the code should be conclusive, except in rare cases in which literal application of statute will produce results demonstrably at odds with the intention of its drafters).

Clearly, based on the parties' stipulations, the debtors are not "debtors engaged in business" as that phrase is defined in the code. Accordingly, under the code the debtors are not required to perform the duties of the trustee specified in § 704(8) of the code, which includes the filing of monthly operating reports. ADF & A argues that Local Rule 1020–1 imposes a duty to file operating reports on "business debtors" and, thus, the debtors should be required to file operating reports with the Court. However, "business debtors" is not defined under the local rule, and the Court finds that the definition contained in § 1304(a) is controlling. Because the code provides a specific definition of a debtor engaged in business, the Court will not create a broader definition to encompass self-employed debtors that do not incur trade credit. Therefore, ADF & A's motions for strict compliance are denied.

■ Because the debtors are not debtors engaged in business as defined by the code, they may not be entitled to deduct business expenses from their income for the purposes of § 1325(b)(2).[6] Section 1325(b)(2) defines disposable income as income that is not reasonably necessary to be expended for the maintenance or support of the debtors, and, "*if the debtor is engaged in business,* for the payment of expenditures necessary for the continuation, preservation, and operation of such business." 11 U.S.C. § 1325(b)(2)(B) (emphasis added). Because the Court finds that the debtors are not debtors engaged

in business, the money that the debtors have allocated for business expenses— $465.00 for the Whitcombs and $2325.00 for the Forrests—should be included in their monthly disposable income. *Cf. In re Schnabel,* 153 B.R. 809, 818–19 (Bankr.N.D.Ill.1993)(finding business venture that was more in the nature of a hobby than a business was not allowed as basis for withholding payments from creditors).

## CONCLUSION

For reasons stated above, the Court finds that the debtors, Lloyd and Cheryl Whitcomb and Stanley and Lori Forrest, are not debtors in engaged in business. Therefore, ADF & A's Motions for Strict Compliance are denied.

IT IS SO ORDERED.

---

**6.** This finding is based upon the bankruptcy code only, and does not relate to state or federal non-bankruptcy or tax laws.